UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS,

    Plaintiff,

v.

CITY OF DETROIT, et al.,

    Defendants.
                             /

Case No. 2:19-cv-11595

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO SET ASIDE ORDER OF DISMISSAL,
REINSTATE CASE, AND TO EXTEND TIME TO COMPLETE SERVICE [15]**

Plaintiff Latausha Simmons filed a pro se complaint against twenty-seven Defendants—mainly municipalities, local governments, and their agencies and agents. ECF 1. She also applied to proceed without prepaying fees or costs. ("IFP"). ECF 2. On June 17, 2019, the Court granted Simmons's motion to proceed IFP dismissed the claims against all Defendants except for Defendants Swafford and Boon. ECF 10. The Court also ordered that the two remaining Defendants be served within 90 days and that if Defendants Boon and Swafford were not served within the 90 days it would dismiss the case without prejudice. *Id.* at 99. Finally, the Court ordered Plaintiff to present documents necessary for service to the Clerk's Office by July 10, 2019, so the United States Marshals could serve the two remaining Defendants. ECF 13.

Plaintiff then took no action in the case. She did not provide the necessary documents to the Clerk's Office for the Marshals to serve Defendants, and so the

1

Marshals were unable to complete service within the 90-day deadline. And on September 20, 2019, the Court dismissed the case without prejudice. ECF 14. Then, on December 17, 2019, Plaintiff moved to reopen the case pursuant to Federal Rule of Civil Procedure 4(m). ECF 15. The Court reviewed the motion and determined that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court will deny the motion.

## LEGAL STANDARD

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the [C]ourt—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time." Fed. R. Civ. P. 4(m). Plus, "if the plaintiff shows good cause for the failure, the [C]ourt must extend the time for service for an appropriate period." *Id*. When a plaintiff moves to reissue a summons after the time to serve the complaint expires, she "must show that [her] failure to act was the result of excusable neglect." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005) (citing Fed. R. Civ. P. 6(b)). But even if the Court determines that there is no excusable neglect, it can still exercise its discretion to permit late service. *See Henderson v. United States*, 517 U.S. 654, 662 (1996) (citing Fed. R. Civ. P. 4(m) advisory committee's note to the 1993 amendment).

## DISCUSSION

I.  Excusable Neglect

To establish excusable neglect, Plaintiff "first must demonstrate that [her] failure to meet the deadline was a cause of neglect. Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Turner*, 412 F.3d at 650 (citation omitted). Plaintiff failed to provide the Clerk's Office with the documents necessary to serve Defendant, and the Court finds that this omission constitutes neglect.

Next, Plaintiff "must establish that the failure to act was excusable." *Id.* To determine whether the neglect was excusable the Court must make an equitable determination and consider relevant circumstances related to the party's omission. *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). The relevant circumstances the Court must consider include "the danger of prejudice to the [non-moving party], the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 388.

   A.  *Prejudice to Defendant*

First, "showing that the delay will result in the loss of evidence or increased difficulties concerning discovery" satisfies the prejudice factor. *Beamer v. Fadel-II Foods*, No. 10-CV-10104, 2012 WL 1068708, at *4 (E.D. Mich. Mar. 29, 2012) (citing *Dassault Sys., SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011)). There is no evidence

3

before the Court that there has been any loss of evidence or that there will be increased difficulties in discovery. The factor weighs in favor of finding excusable neglect.

B.   *Length of Delay and Impact on Proceedings*

As to the length of delay and its impact on proceedings, Plaintiff filed the motion to reopen the case almost three months after the Court dismissed the complaint. *See* ECF 14, 15. Beyond this, there is no explanation on the docket that Plaintiff ever provided the documents necessary for the Marshals to effectuate service, even though she was ordered to do so by July 10, 2019. ECF 13. A three-month delay, combined with Plaintiff's ongoing failure to file the necessary service documents with the Clerk's Office does not support a finding of excusable neglect. *See Brugger's Enter., Inc. v. Middleburg Towne Square Ltd. P'ship*, 233 F.R.D. 504, 507 (N.D. Ohio 2005) (finding that a three-month delay did not "merit the Court's finding of excusable neglect"). The second factor weighs against finding excusable neglect.

C.   *Reason for Delay*

Moreover, it is indisputable that Plaintiff caused the delay. Plaintiff claimed that the delay was excusable because she was incarcerated from August 14, 2019, to October 3, 2019. ECF 15, PgID 137. But she was not incarcerated from June 26, 2019, to July 10, 2019—the fourteen days in which she was supposed to provide the Clerk's Office with the documents necessary for the Marshals to serve the remaining Defendants. And even though Plaintiff claimed she was released on October 3, 2019,

4

ECF 15, PgID 137, she still did not file the present motion until December 17, 2019—more than two months after her release.

Before her incarceration, Plaintiff failed to timely provide the necessary documents to the Clerk's Office, a mistake that kept the Marshals from serving Defendants in the requisite time period. And "mistakes by those who proceed without counsel are not necessarily excusable." *Nicholson v. City of Warren*, 467 F.3d 535, 527 (6th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *see also Ferrell v. City of Eugene*, No. 08-6294, 2010 WL 11701125, at *1 (D. Or. Apr. 6, 2010) (declining to find excusable neglect where defendants were not timely served because plaintiff—an incarcerated individual acting pro se—failed to provide documents necessary for service to the Marshals). In all, Plaintiff had fourteen days to provide the Clerk's Office with documents necessary for service but failed to do so. And she did not provide any reasonable excuse for her delay. This factor weighs against finding excusable neglect.

### D. Good Faith

Finally, Plaintiff did not act in good faith. She failed to explain what efforts she took, if any, to provide the Clerk's Office with the documents necessary to carry out service. And the lack of explanation leads the Court to conclude that Plaintiff did not act in good faith. *See Warrior Imports, Inc. v. 2 Crave*, 317 F.R.D. 66, 71 (N.D. Ohio 2016) (finding that plaintiff did not act in good faith when he failed to make any effort to ensure defendant was served). The final factor weighs against finding excusable neglect.

5

Considering all the factors, and because "the reason for a party's delay is the most important [factor] to the excusable neglect inquiry," *Gohl v. Livonia Pub. Sch's*, No. 12-cv-15199, 2016 WL 2848421, at *2 (E.D. Mich. May 16, 2016) (quotation omitted) (collecting cases), the Court finds that Plaintiff failed to demonstrate that her neglect was excusable. As such, "a finding of excusable neglect in this case would be inconsistent with the Sixth Circuit's jurisprudence limiting excusable neglect to 'extraordinary cases.'" *Id.* at *3 (quoting *Turner*, 412 F.3d at 650); *see also Bradford v. Bracken Cnty.*, 767 F. Supp. 2d 740, 754–55 (E.D. Ky. 2011) (reiterating that the excusable neglect standard is strict and should only be used in extraordinary cases). The Court will decline to extend the summons based on excusable neglect.

II.   Discretion to Reopen

If the Court does not find excusable neglect, it "must either . . . dismiss the action or . . . direct that service be effectuated within a specified time." *Stewart v. Tenn. Valley Authority*, 238 F.3d 424 (Table), 2000 WL 1785749, at *1 (6th Cir. Nov. 1, 2000) (citing *Henderson* 517 U.S. at 662). Courts consider various factors to determine if they should exercise discretion to extend a summons when a plaintiff fails to show excusable neglect for her failure to serve defendants. The factors include "whether the claims would be barred by the statute of limitations if dismissed; whether the defendant had notice so that he is not unfairly surprised by the suit; whether an extension would serve the policy of resolving disputes on their merits; the length of time requested;" and if the plaintiff attempted to timely serve the complaint in good faith. *Charles v. Lee Cnty., Ky.*, No. 5:19-479, 2020 WL 1906890, at *2 (E.D.

6

Ky. Apr. 17, 2020) (citing *Burnett v. Martin*, No. 6:06-482, 2007 WL 2156541, at *2–3 (E.D. Ky. July 24, 2007)). The Court will briefly analyze each factor.

First, Plaintiff does not state when the limitations period for her claim will expire, and "without additional information, the Court is unable to determine whether this factor weighs in favor of granting an extension of time to complete service." *Id.* Plaintiff has "the burden of demonstrating that additional time is warranted," *id.*, which she failed to do. The first factor weighs against reopening the case.

Next, there is no suggestion that Defendants have any knowledge of the case, so the second factor weighs against exercising discretion to reopen the case. There is, however, a "goal of resolving dispute[s] on their merits," so the third factor favors reopening the case. *Id.* But, Plaintiff has not requested a specific period to effectuate service, and that suggests Plaintiff "continue[s] to have a lackadaisical attitude towards completing service." *Id.* at *3. The fourth factor therefore also weighs against reopening the case. Finally, Plaintiff has yet to make any attempt to provide the Clerk's Office with the documents necessary for service, a clear sign of bad faith and proof that the last factor should weigh against reopening the case. *See, e.g., Warrior Imports, Inc.,* 317 F.R.D. at 71 (holding that the plaintiff did not act in good faith when he failed to adequately explain the delay).

Based on the foregoing factors, the Court will decline to exercise its discretion to allow Plaintiff more time to serve Defendants because "the weight of the equities counseling for dismissal leaves the Court unpersuaded to exercise its discretion to

permit additional time for service." *See Collett v. Kennedy, Koontz & Farinash*, No. 3:14-CV-552, 2015 WL 7254301, at *7 (E.D. Tenn. Aug. 14, 2015) (internal quotation omitted) (collecting cases). The Court will decline to reopen the case.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion to set aside order of dismissal, reinstate case, and to extend time to complete service [15] is **DENIED**.

**SO ORDERED.**

                                          s/ Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: August 19, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 19, 2020, by electronic and/or ordinary mail.

                                          s/ David P. Parker
                                          Case Manager